IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00266-BNB

GLENN DAVIS,

    Plaintiff,

v.

ARISTEDES ZAVARAS, Director CDOC,
COLORADO DEPARTMENT OF CORRECTIONS,
JIM MOORE, Offender Services,
LT. PIPER, DOC Employee, Limon, CO,
MAJOR WILLIAM BRUNELL, CDOC Employee, Buena Vista, CO,
JAMES LANDER, CDOC Mental Health Employee, Cañon City, CO, and
BURL McCULLAR, SOTMP Program Manager, CDOC Mental Health Employee, Cañon City, Colorado,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 12 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Glenn Davis, is a prisoner in the custody of the Colorado Department of Corrections (DOC), who currently is incarcerated at the Buena Vista, Colorado, Correctional Facility. Mr. Davis initiated this action by filing a *pro se* Prisoner Complaint alleging that his constitutional rights are being violated. He asks for money damages and injunctive relief.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr.

Davis will be ordered to file an Amended Complaint, name proper parties to the action, and assert how each named party violated his constitutional rights.

The Court has reviewed the Complaint and finds that it is deficient. Mr. Davis may not sue the Colorado Department of Corrections. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003).

The Eleventh Amendment, however, does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief, rather than money damages for alleged violations of federal law, and asserts claims against individual state officers. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 277 (1997); *Hill v. Kemp*, 478

F.3d 1236 (10th Cir. 2007). If Plaintiff is asserting that DOC policies, regarding the protection and rehabilitation of sex offenders who are incarcerated, violate federal law, he must name the DOC officials who are responsible for establishing or implementing those DOC policies.

If, however, Plaintiff is asserting that DOC employees are failing to abide by DOC policy, Plaintiff must assert personal participation by each named defendant. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Davis must name and show how the DOC employees caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Although Mr. Davis has asserted what Defendants Aristedes Zavaras and Lt. Piper did in violation of his constitutional rights, he has not asserted what remaining named Defendants have done. Plaintiff will be directed to file an Amended Complaint that alleges how each properly named defendant personally participated in the asserted constitutional violation. In order for Mr. Davis to state a claim in federal court, he must must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he

3

believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Davis file **within thirty days from the date of this Order** an Amended Complaint that is in keeping with the instant Order and names the proper parties to the action. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Davis, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Davis fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED February 12, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-00266-BNB

Glenn Davis
Prisoner No. 123974
Buena Vista Corr. Facility
PO Box 2017
Unit 1N12
Buena Vista, CO 81211

I hereby certify that I have mailed a copy of the **ORDER** and **two copies of the Prisoner Complaint form** to the above-named individuals on 2/12/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk