**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-00266-REB-BNB

GLENN DAVIS,

    Plaintiff,

v.

ARISTEDES ZAVARAS, Director CDOC,
COLORADO DEPARTMENT OF CORRECTIONS,
JIM MOORE, Offender Services,
LT. PIPER, DOC Employee, Limon, CO
MAJOR WILLIAM BRUNELL, CDOC Employee, Buena Vista, CO,
JAMES LANDER, CDOC Mental Health Employee, Canon City, CO, and
BURL McCULLAR, SOTMP Program Manager, CDOC Mental Health Employee, Canon City, CO,

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

**Blackburn, J.**

    This matter is before me on the plaintiff's **Motion for Reconsideration Pursuant To Rule Fed. Civ. 59(e)** [#83][1] filed March 10, 2011. The defendants filed a response [#84], and the plaintiff filed a reply [#85]. I deny the motion.[2]

    The plaintiff appears to seek reconsideration of my order [#79] granting the defendants' motion for summary judgment and dismissing this case. In that order, I

---

[1] "[#83]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Because plaintiff is proceeding pro se, I continue to construe her pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus,** 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519,520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). However, I have not acted as an advocate for the plaintiff.

approved an adopted the recommendation [#72] of the magistrate judge to the effect that the defendant's motion for summary judgment be granted.  In his present motion, the plaintiff seeks, in essence, additional time to file objections to the recommendation [#72].  The plaintiff argues that he was unable to file objections because, at certain times, he was in segregation and the prison has been, at times, on lockdown.  As noted in my order [#79], the plaintiff sought and was granted three extensions of time to file objections to the recommendation [#72] of the magistrate judge before I entered my order approving the recommendation [#72] and granting the motion for summary judgment.  The plaintiff had a total of 103 days to file his objections to the recommendation [#72].

In his first request for extension of time [#73] filed November 23, 2010, the plaintiff sought an additional 30 days, beyond the established deadline, to file objections to the recommendation of the magistrate judge.  He did not state any specific reasons as bases for his request.  In an order [#74] filed November 24, 2010, the plaintiff was granted an additional 30 days to file objections.

In his second request for extension of time [#75] filed December 27, 2010, the plaintiff cited the holiday season and the fact that the law library had not been open very often as bases for granting an extension of time.  In an order [#76] filed December 28, 2010, the plaintiff was granted an additional 30 days to file objections.

In his third request for extension of time [#77] filed January 25, 2011, the plaintiff said he had been moved to segregation and could not complete his objections.  He sought an additional 30 days to file objections.  In an order [#78] filed December 28, 2010, the plaintiff was granted an additional 30 days to file objections, and was directed to file his objections by February 21, 2011.  Ultimately, the plaintiff did not file objections

to the recommendation in a timely fashion.

The record in this case demonstrates that the plaintiff was given more than ample time to file objections to the recommendation, even considering the circumstances described in his motions for extension of time [#73, #75, and #77]. Nothing in the record of this case indicates that the plaintiff was deprived, by reasons beyond the plaintiff's control, of the reasonable opportunity to file objections to the recommendation.

The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). In his motion to reconsider [#83], the plaintiff offers nothing to demonstrate that any of these factors are implicated in my order [#79] granting the defendants' motion for summary judgment.

**THEREFORE, IT IS ORDERED** that the plaintiff's **Motion for Reconsideration Pursuant To Rule Fed. Civ. 59(e)** [#83] filed March 10, 2011, is **DENIED**.

Dated February 28, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

3